PYMAN *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—STREETS AND ALLEYS—FAILURE TO REPAIR—LIABILITY FOR INJURIES.
   Generally municipalities having full and complete control over streets and alleys, used as a public way within their corporate limits, are liable in damages for injuries sustained in consequence of their failure to use reasonable care to keep them in a reasonably safe condition.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur, Highways, §§ 348, 373, 401.
[1, 2] Liability of municipality for injury to traveler in alley. 44 ALR 814; 48 ALR 434.
[3] 25 Am Jur, Highways, § 449 *et seq.,* § 591; 38 Am Jur, Negligence, § 348.

2. Same—Home-Rule City—Constitutional Law—Alley—Failure to Repair.

Home-rule city was liable for injuries sustained as a result of its failure to keep in repair in a reasonably safe condition for public travel an alley which had been used as a passageway for over 50 years and open to vehicular traffic for the public, in view of reservation in Constitution of right of cities to reasonable control of alleys and charter provision imposing upon the city the duty to repair and maintain its alleys and reserving the right to the control and regulation of such alleys (Const 1908, art 8, § 28; Grand Rapids City Charter 1916, title 6, § 9, title 8, § 14).

3. Same—Contributory Negligence—Question for Jury—Protruding Manhole Cover.

Contributory negligence of plaintiff presented a question of fact for jury, where he was injured as car in which he was a passenger struck manhole cover which extended some 6 to 10 inches above surface of alley but which was difficult of being seen by a motorist because of such a color that it blended into surrounding surface.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 11, 1950. (Docket No. 46, Calendar No. 44,741.) Decided May 18, 1950.

Case by Gregory Pyman against City of Grand Rapids for injuries sustained when automobile in which he was riding ran into manhole cover in alley. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Allaben, Wiarda, Hayes & Hewitt,* for plaintiff.

*Fred N. Searl,* for defendant.

Sharpe, J. This is an appeal from a judgment of $2,500 as damages for injuries resulting when plaintiff's automobile, being driven in a public alley in the city of Grand Rapids, struck a manhole cover located in said alley.

The material facts are not in dispute. Plaintiff, Gregory Pyman, was employed as a mechanic in a garage. During the early afternoon of June 10, 1948, he and 2 companions were driving toward the downtown area in the city of Grand Rapids. Plaintiff sat in the front seat, but was not driving the car. They traveled south on Ionia avenue, turned west on Fairbanks street and proceeded one-half block then turned south into the alley in question.

As plaintiff's car was proceeding in a southerly direction in the alley it struck a manhole cover which extended from 6 to 10 inches higher than the earth about it. The alley is unpaved, rough and full of holes. At the place where the manhole cover is located, it is approximately 18 feet in width. The manhole cover is located 4 feet and $2\frac{1}{2}$ inches from the east wall and 11 feet 8 inches from the west wall of the alley. It had been installed by defendant city as part of its water and sewage disposal system. On previous occasions plaintiff had driven through the alley and over the manhole.

As a result of the collision, plaintiff was thrown from the seat and injured. He began the instant action against the city of Grand Rapids. The cause came on for trial before a jury who returned a verdict of $2,500 damages for plaintiff.

Following the verdict of the jury, defendant filed a motion for judgment *non obstante veredicto* giving as reasons that:

"1. Plaintiff was guilty of contributory negligence as a matter of law.

"2. A municipality is not liable to keep an alley, such as the Ionia avenue alley, so-called, in the same conditions and repair as its principal arteries and highways."

This motion was denied and defendant filed a motion for a new trial on the theory that the judgment

entered on the verdict was contrary to the clear weight of the evidence. This motion was denied.

Defendant appeals and urges that the city of Grand Rapids is not liable for damages resulting from its failure to keep an alley in a reasonable state of repair. In coming to our conclusions in the case at bar we have in mind that the alley in question was dedicated as an alley in 1836 and for more than 50 years has been used as a passageway and open to vehicular traffic for the public. We also have in mind that Michigan Constitution 1908, art 8, § 28, provides in part:

"The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

And that the city of Grand Rapids is a so-called home-rule city and has the following provisions in its 1916 charter, as amended:

"Sec. 14. The right is hereby reserved to the city to use, control and regulate the use of its streets, alleys, bridges, and public places and the space above and beneath them. Every franchise for the operation of a public utility occupying the streets, alleys, bridges or public places of the city and the space above or beneath them, shall be subject to the limitation that the city may refuse or may permit the joint use of the property of such public utility located in the streets, alleys, bridges or public places of the city by any other public utility or the city on such reasonable terms as it may impose, and upon payment of a reasonable compensation to the owner thereof. If the owner of such property and the one desiring such use are not able to agree on such compensation, the same shall be determined by arbitration, as provided in section 23 of this title, except that such other public utility instead of the city shall select one arbitrator. The use of the streets, alleys,

bridges or public places of the city by such other public utility shall be subject to regulation by the city commission." Title 8.

"Sec. 16. All other utility grantees, their successors and assigns using the streets, alleys, or public grounds, or the space over or under the same, shall pay such part of the improvements, repairs, rebuilding and maintenance of the streets, alleys, and public grounds, on, over or under which its wires, pipes, conduits, or poles are located as the city commission shall by ordinance in each case determine but the amount so fixed shall, in each case be just and reasonable." Title 8.

"Sec. 32. The city commission shall not possess the power to give away, surrender or relinquish the control of any street, lane, alley, court, public square or place or create any permanent use thereof for any other purpose than for street or public uses, except by regular vacation proceedings in a proper court of record." Title 5.

"Sec. 9  *  *  *  (c) He (the director of public service) shall manage and have charge of the construction, improvements, repair and maintenance of streets, sidewalks, alleys, bridges, viaducts and other public highways; of sewers, drains, ditches, culverts, canals, streams and water courses; of sewage disposal systems and flood protection; of comfort stations and all public buildings and works except as otherwise provided by law or this charter; of boulevards, squares and other public places and grounds belonging to the city, or dedicated to public use, except parks, cemeteries and playgrounds." Title 6.

In 44 ALR 814 the announced rule for liability for highway defects is as follows:

"The general rule in this country is that municipalities which have full and complete control over the streets and highways within their corporate lim-

its are liable in damages for injuries sustained in consequence of their failure to use reasonable care to keep them in a reasonably safe condition. 13 RCL, p 310. The purpose of the present annotation is to show the application of this principle to alleys.

"As will appear from the following cases, a municipality is very generally held liable for injuries occasioned by its failure to keep an alley which is used as a public way in a reasonably safe condition for such use."

Defendant relies upon *Face* v. *City of Ionia*, 90 Mich 104, 111, where it was held that, "there is now no law in this State making it the duty of a city to keep its alleys in good or reasonable repair, or reasonably fit for public travel." In that case there was no recognition by the city of the alley as a public street. There was no acceptance by the public of the alley as a street. No work had been done on it by public authorities. Moreover, the charter of the city of Ionia treated an alley as different from a street.

In the case at bar the charter of the city of Grand Rapids reserves to the city the control and regulation of its streets, alleys, bridges and public places, and the space above and beneath them. (Title 8, § 14.) It appears that the city of Grand Rapids has for a number of years kept and maintained the alley as a means of public travel. Moreover, under title 6, § 9 (c), of the charter it is the duty of the city to repair and maintain its alleys. In our opinion where the city charter requires maintenance of alleys and the city has repaired the same and kept them open for public travel, the city is liable for failure or neglect to keep them in a reasonably safe condition for public travel.*

It is also urged that plaintiff was guilty of such contributory negligence as bars recovery. There was testimony showing that the manhole cover was

---

* See, also, CL 1948, § 242.1 (Stat Ann § 9.591).—Reporter.

of such a color that it blended into the surrounding surface of the roadway; that it protruded above the surface of the alley and was difficult of being seen by a person driving from the north toward the south as was the case at bar. In our opinion the contributory negligence of plaintiff presented a question of fact and thereby an issue for jury determination.

The judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.